■ In the Matter of EAST NEW YORK SAVINGS BANK et al., Petitioners, v. J. EDWARD CONWAY et al., Constituting the New York State Human Rights Appeal Board, Respondents, and CLEVELAND HANCHARD, Intervenor-Respondent.— Determination of State Human Rights Appeal Board unanimously confirmed, without costs and without disbursements, and the petition dismissed. In so deciding, we do not indicate any opinion as to the merits of the complaint. Concur — Capozzoli, J. P., Markewich, Steuer and Tilzer, JJ.

## (May 28, 1970)

■ In the Matter of ELIZABETH HOLTZMAN et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and LOUIS J. LEFKOWITZ, as Attorney-General, Intervenor-Respondent.— Order entered May 20, 1970, dismissing the petition, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the proceeding remanded to Special Term, Part I, New York County, for the head of the calendar of June 4, 1970, for further proceedings in accordance herewith. The incumbent candidates for the positions sought by petitioners in the subject primary election, having significant interests in the outcome, are regarded as indispensable parties to the litigation and each is accordingly added as a party defendant. Notice thereof shall be served by petitioners on each such incumbent no later than May 29, 1970, by registered special delivery mail to the address set forth on each such incumbent's petition filed at the Board of Elections, with return receipts to be filed at Special Term on June 4. The proceeding being, in substance, an action for declaratory judgment of unconstitutionality, is so regarded regardless of form, and the papers submitted and to be submitted by all parties shall serve as pleadings therein. Time being of the essence, the court shall dispose of the action by trial forthwith, to be completed with all possible speed, whether at Special Term or by a Special Referee of the court or, in the discretion of the administrative Judge, by transfer to a trial part. The petitioners are held to have standing to pursue the action inasmuch as, at the time of argument at Special Term, each had actually filed a petition at the Board of Elections, and that undisputed fact was made known to the court. The existing stay is continued in effect, subject to the further order of Special Term. In view of the disposition herein made, no adjudication is arrived at on any point of constitutionality. Concur — Eager, J. P., McGivern, Markewich and Steuer, JJ.